**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4003**

UNITED STATES OF AMERICA,

　　　　　Plaintiff – Appellee,

　　v.

SHANDA L. GILYARD,

　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News. Jerome B. Friedman,
Senior District Judge. (4:10-cr-00039-JBF-TEM-1)

Submitted: June 23, 2011　　　　　Decided: July 8, 2011

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

Timothy V. Anderson, ANDERSON & ASSOCIATES, Virginia Beach,
Virginia, for Appellant. Neil H. McBride, United States
Attorney, Brian J. Samuels, Assistant United States Attorney,
Robert Murdough, OFFICE OF THE UNITED STATES ATTORNEY,
Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shanda L. Gilyard was convicted by a jury of one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344, 1349 (2006) (Count One); seven counts of bank fraud, in violation of 18 U.S.C. § 1344 (2006) (Counts Two through Eight); six counts of possessing and uttering counterfeit securities, in violation of 18 U.S.C. §§ 513(a), 2 (2006) (Counts Nine through Fourteen);[*] and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A (2006) (Count Fifteen). Gilyard was sentenced to a total of 192 months' imprisonment. Gilyard's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that he found no meritorious issues for appeal, but questioning whether the district court erred in denying Gilyard's post-verdict motions and in adopting the factual findings contained in the presentence report ("PSR") over Gilyard's objections. Gilyard filed a pro se supplemental brief also challenging the denial of her post-verdict motions, which are based on Gilyard's belief that a witness perjured himself at trial. Although we affirm Gilyard's convictions and

---

[*] The judgment erroneously cites 18 U.S.C. § 512(a) (2006) for these counts of conviction. However, Gilyard was convicted of violating § 513(a), as charged in the indictment. Because the judgment does not accurately recite the disposition of this case, we remand this case to the district court for correction of the written judgment. See Fed. R. Crim. P. 36.

2

sentence, we remand for the purpose of correcting a clerical error in the judgment. See Fed. R. Crim. P. 36.

Gilyard first challenges the district court's denial of her post-verdict motions for substitution of counsel and for a continuance. Both motions center on Gilyard's allegation that a Government witness committed perjury. We review the district court's denial of a continuance for abuse of discretion. United States v. Williams, 445 F.3d 724, 739 (4th Cir. 2006). The trial court abuses its discretion when its denial of a motion for continuance is "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." Id. Whether to grant a motion for substitution of counsel is also within the district court's discretion. United States v. Reevey, 364 F.3d 151, 156 (4th Cir. 2004).

In evaluating whether the trial court abused its discretion in denying a defendant's motion for substitution of counsel, we consider: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry into the defendant's complaint about her attorney; and (3) whether the attorney/client conflict was so great that it resulted in total lack of communication preventing an adequate defense. Id. We weigh these factors against the district court's "interest in the orderly administration of justice." Id. at 157. In addition, a district court has wide latitude in limiting a defendant's right

to counsel of choice, based upon fairness and the demands of the court's calendar. United States v. Gonzalez-Lopez, 548 U.S. 140, 152 (2006).

We have reviewed the record and find that all three factors weighed against granting Gilyard's motion for substitute counsel. Therefore, we conclude without difficulty that the district court did not abuse its discretion in denying the motion. Moreover, because the district court's ruling was not arbitrary, the court did not abuse its discretion in denying Gilyard's motion for a continuance.

Next, counsel generally questions whether the district court erred in adopting the PSR's factual findings over Gilyard's objections. However, Gilyard has not made an affirmative showing that the PSR's findings are unreliable or inaccurate. United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). Therefore, the district court did not err in adopting the PSR's factual findings.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Gilyard's convictions and sentence. We note, however, that the judgment contains a clerical error. The judgment states that Gilyard was convicted of Counts Nine through Fourteen under 18 U.S.C. § 512(a). Gilyard, however, was charged with and convicted of violating 18 U.S.C. § 513(a)

4

with respect to these counts of the indictment. We accordingly remand for the purpose of correcting this clerical error. See Fed. R. Crim. P. 36.

This court requires that counsel inform Gilyard, in writing, of her right to petition the Supreme Court of the United States for further review. If Gilyard requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gilyard. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED